**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**THOMAS R. STOVER,**                          )
                                               )
          Plaintiff,          )          Case No. 6:13-cv-01230-MC
                                               )
    v.                             )          **OPINION AND ORDER**
                                               )
**CAROLYN W. COLVIN**,                         )
Acting Commissioner of Social Security,        )
                                               )
         Defendant.          )
_____)

Kathryn Tassinari and Drew Johnson, Drew L. Johnson, P.C., 1700 Valley River Drive, Eugene
OR 97401. Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States
Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue,
Suite 600, Portland, OR 97204-2902; Christopher J. Brackett, Special Assistant United States
Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue,
Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**McSHANE, District Judge**.

      Thomas R. Stover ("plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying his applications

for Social Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Because the Commissioner's decision is not supported by substantial evidence, the decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

## I.   BACKGROUND

### A.   The Application

Born in 1968, plaintiff was 43 years old at the time of the administrative hearing. Tr. 39. He has past work experience as a truck driver, a meat preparer, a clean-up worker, and a mechanic assistant. Tr. 63-64. Plaintiff filed applications for SSI and DIB on June 23, 2009, alleging disability as of May 1, 2009. Tr. 119-28. After the Commissioner denied his applications initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 78-87, 89-96, 101. After an administrative hearing, held on August 12, 2011, the ALJ found plaintiff not to be disabled. Tr. 8-23, 35-73. The Appeals Council denied plaintiff's subsequent request for review on May 23, 2013, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-4. Plaintiff seeks judicial review of that decision.

### B.   The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert,* 482 U.S. 137, 140

(1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The

five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in

significant numbers in the national economy? If so, then the claimant is disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett,* 180 F.3d at 1099.

**C.     The ALJ's Decision**

The ALJ performed the sequential analysis. At step one, he found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 13. At step two, the ALJ concluded that plaintiff had the following severe impairments: disorder of the adrenal gland with history of adrenal crisis and antiphospholipid syndrome with history of deep vein thrombosis. *Id.* At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 14.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that he could perform light work with the following limitations: he cannot climb ladders, ropes or

scaffolds; he must avoid hazards such as unprotected heights; and he is limited to tasks requiring simple reasoning that can be learned in 30 days or less with no strict hourly production pace. Tr. 14. At step four, the ALJ found that plaintiff was unable to perform any of his past relevant work. Tr. 17. At step five, based on the testimony of a vocational expert ("VE"), the ALJ concluded that plaintiff could perform jobs that exist in significant numbers in the national economy, including toy stuffer and eyeglass frame polisher. Tr. 17-18. Accordingly, the ALJ found plaintiff was not disabled. Tr. 18.

## II.    STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)

(internal quotations omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## III.    DISCUSSION

Plaintiff argues that the Commissioner erred by (1) improperly evaluating the medical evidence, and (2) rejecting his subjective symptom testimony. Because the ALJ did not provide legally sufficient reasons for rejecting plaintiff's testimony, this case is reversed and remanded for further proceedings.

## A.    Medical Evidence

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).

If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific, legitimate reasons" for discrediting the treating doctor's opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Lester*, 81 F.3d at 830. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining

physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F.3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1039. It is error to ignore an examining physician's medical opinion without providing reasons for doing so. An ALJ effectively rejects an opinion when he ignores it. *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996).

### 1. Treating Endocrinologist Chaim Vanek, M.D.

Plaintiff first contests the ALJ's evaluation of treating endocrinologist Chaim Vanek, M.D. In July, 2010, Dr. Vanek opined that plaintiff would miss more than two days of work per month due to adrenal insufficiency. Tr. 695, 791-92. He concluded that plaintiff was not capable of sustaining gainful employment. *Id*.

The ALJ rejected Dr. Vanek's opinion, and instead accorded significant weight to the state agency consultants. Tr. 15-16. Consultative physician Mary Ann Westfall, M.D., opined that plaintiff could perform light work, lifting 20 pounds occasionally and 10 pounds frequently. Tr. 641-47. Because Dr. Vanek's opinion was controverted by other medical evidence in the record, the ALJ was required to provide specific, legitimate reasons for rejecting it. *Lester*, 81 F.3d at 830.

First, the ALJ found that Dr. Vanek's opinion was conclusory and lacked support in the form of objective findings. Tr. 15-16. The ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. *Taylor v. Commissioner Soc. Sec.*

*Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). Under the Regulations, "[t]he more a medical source presents relevant evidence to support an opinion ... the more weight we will give that opinion." 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Here, as a basis for his conclusions, Dr. Vanek provided only an independent piece of medical research stating that people with adrenal insufficiency have difficulty working. Tr. 791-92. Dr. Vanek's treatment records contain no examination results to directly support his opinion that plaintiff would miss more than two days of work per month. *See id*. Dr. Vanek's opinion was also brief and conclusory, and failed to identify specific functional limitations. Tr. 16. For these reasons, the ALJ was entitled to assign less weight to Dr. Vanek's opinion. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3); *see also Taylor*, 659 F.3d at 1232.

### 2. Treating Internal Medicine Specialist Connie Hume-Rodman, M.D.

Plaintiff next argues that the ALJ improperly rejected the opinion of plaintiff's treating internal medicine specialist, Connie Hume-Rodman, M.D. On December 22, 2009, Dr. Hume-Rodman opined that while plaintiff was capable of working, he would have difficulty maintaining employment due to ongoing adrenal crises and hydrocortisone side effects. Tr. 660. She concluded that plaintiff was "medically disabled." *Id.*

The ALJ also rejected Dr. Hume-Rodman's opinion. As noted, the ALJ credited the opinion of state agency medical consultant Dr. Westfall, who assessed limitations less restrictive than those assessed by Dr. Hume-Rodman. Tr. 16, 641-47. The ALJ was therefore required to provide specific, legitimate reasons for rejecting Dr. Hume-Rodman's opinion. *Lester*, 81 F.3d at 830.

First, the ALJ found Dr. Hume-Rodman's opinion unreasonable in light of the medical record. Tr. 15-16. A physician's opinion regarding a claimant's level of impairment may be

rejected because it is unreasonable in light of other evidence in the record. *Morgan v. Comm'r,* 169 F.3d 595, 601 (9th Cir. 1999). Here, the ALJ found that contrary to Dr. Hume-Rodman's predictions in December, 2009, plaintiff had no adrenal crises and no severe side effects after January, 2010. Tr. 697-741. Endocrinologist Wei Hao, M.D., who treated plaintiff from July 2009 through January 2010, opined that steroid treatment effectively managed plaintiff's adrenal insufficiency. Tr. 634-39. Treating primary care physician Cosimo Storniolo, M.D., also noted that plaintiff rarely had difficulties from adrenal insufficiency in 2010 and 2011. Tr. 744-89. The most recent medical records, therefore, reveal relatively stable management of plaintiff's adrenal condition. While plaintiff provides a rational alternative interpretation of this evidence, it was reasonable for the ALJ to conclude that Dr. Hume-Rodman's opinion was inconsistent with the more recent medical records. The ALJ therefore provided legally sufficient reasons for rejecting Dr. Hume-Rodman's opinion. *See Burch*, 400 F.3d at 679 (where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld).

**B.    Credibility**

Plaintiff also argues that the ALJ erred by rejecting his subjective symptom testimony. There is a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (quotation marks and citation omitted). When doing so, the claimant "need not show that her impairment could reasonably be expected to cause

the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen*, 80 F.3d at 1282.

Second, "if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991)).

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The Commissioner recommends assessing the claimant's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; and any measures other than treatment the individual uses or has used to relieve pain or other symptoms. *See* SSR 96–7p, 1996 WL 374186 (Jul. 2, 1996).

Further, the Ninth Circuit has said that an ALJ "may consider ... ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements

concerning the symptoms, ... other testimony by the claimant that appears less than candid [, and] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen*, 80 F.3d at 1284. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883. The ALJ's credibility decision may be upheld overall even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. *See Batson*, 359 F.3d at 1197.

Plaintiff testified that he left his job as a back truck operator because his employer felt that it was unsafe for him to continue due to his medical condition. Tr. 41. He stated that he generally lifted no more than 20 pounds at his job, and that he continued to miss two or three days of work per month even after he dropped his hours to part-time. Tr. 60-61. Plaintiff testified that his hydrocortisone dosage changes any time he feels tired, or starts feeling sick. Tr. 46. He can lift 25 to 30 pounds at one time, and can stand about half an hour to 45 minutes before having to sit down because he gets tired or dizzy. Tr. 49. He testified that it takes him 20 minutes to walk a mile, and that he naps for an hour or two every day because of exhaustion. Tr. 51. If he misses a nap he must compensate the next day by sleeping an extra five or six hours, or taking an extra dose of medication. Tr. 57-58. Plaintiff testified that he did not know whether he could perform eight hours of work in a day because he gets tired easily and needs time to rest. Tr. 55-56.

The ALJ rejected plaintiff's testimony as to the nature and extent of his limitations. Tr. 15. First, she found that the fact that plaintiff applied for unemployment benefits during the third quarter of 2011 bears negatively on his credibility. Tr. 13, 136-37. This was not a clear and convincing reason supporting the ALJ's credibility finding. There is no contradiction between

plaintiff's testimony regarding his symptoms and limitations and his certification in his unemployment application that he was able to perform work. *See* Oregon Admin. Rule 471-030-0036(2)(b) (providing that a person with a disability may apply for unemployment benefits so long as he is available to perform "some work").

Second, the ALJ found that plaintiff's activities are inconsistent with the level of impairment alleged in his testimony. Tr. 15. Evidence of an active lifestyle can undermine a disability claimant's credibility, *Bray*, 554 F.3d at 1226-27, and daily activities that are inconsistent with alleged symptoms are a relevant credibility consideration. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). For example, the ALJ stated that plaintiff could perform household chores, walk his child to and from school, and "crawl around a junk yard." Tr. 16. The fact that plaintiff performed these activities after the alleged onset date, however, does not contradict his testimony that he can stand and walk for periods of time but requires frequent rest breaks and naps. While plaintiff performed several activities, the record consistently supports his contention that he was unable to sustain those activities. Thus, plaintiff's activities do not provide a clear and convincing reason to reject his testimony.

Third, the ALJ discussed the objective medical evidence in the record as it relates to plaintiff's testimony. Tr. 15. The Commissioner argues that the medical evidence does not support plaintiff's subjective symptom testimony. Medical evidence is a relevant factor in the ALJ's credibility determination, but a claimant's testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence." *Rollins*, 260 F.3d at 857. Here, the ALJ noted that by the end of 2009, plaintiff was doing well on his medication despite a recent adrenal crisis triggered by several days spent working. Tr. 15, 653, 674. Plaintiff received less frequent treatment for his adrenal condition in 2010, and appeared stable on medication in

June, 2010. Tr. 724, 742. Medical records show continued stability on medication throughout the latter half of 2010. Tr. 715, 721. While on some rational interpretation these findings may reflect negatively on plaintiff's testimony, the ALJ may not make a negative credibility finding "solely because" plaintiff's testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883. Thus, lack of support from medical evidence alone is not sufficient to justify rejection of a claimant's testimony. *Rollins*, 260 F.3d at 857. The ALJ therefore failed to provide clear and convincing reasons for rejecting plaintiff's subjective symptom testimony, and his credibility finding is reversed.

## C.    Remand

Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, --- F.3d ---, 2014 WL 7332774, at *7 (9th Cir. Dec. 24, 2014). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id*. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014).

> [The Ninth Circuit has] devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion;

and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* at 1020.

Ordinarily, if all three of these elements are satisfied, a district court must remand for a calculation of benefits. *Id.* If, however, "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," the district court retains the "flexibility" to remand for further proceedings even when these elements are satisfied. *Id.* at 1021; *see also Burrell v. Colvin*, --- F.3d ---, 2014 WL 7398892, at *7 (9th Cir. Dec. 31, 2014) (remanding for further proceedings without analyzing whether the three factors are met "because, even assuming that they are, we conclude that the record as a whole creates serious doubt as to whether Claimant is, in fact, disabled"). Moreover, when remanding for further development of the record, the district court has the discretion to remand on an open record or with the directive that the claimant's testimony be credited as true. *See Burrell*, 2014 WL 7398892, at *6 (observing that a court's "flexibility" includes the option to "remand on an open record for further proceedings" (citing *Garrison*, 759 F.3d at 1021)).

Here, the ALJ failed to provide legally sufficient reason for rejecting plaintiff's subjective symptom testimony. The ALJ therefore failed to incorporate the limitations articulated by plaintiff into the RFC. The ALJ should thus be given the opportunity to consider those limitations, incorporate them into the RFC, and, if necessary, take new testimony from a vocational expert regarding plaintiff's ability to perform jobs that exist in significant numbers in the national economy. Because there are outstanding issues that must be resolved before a determination of disability can be made, the case is remanded for further proceedings consistent with this opinion.

## IV.    CONCLUSION

The Commissioner's decision that plaintiff is capable of performing light work was not supported by substantial evidence in the record, and it is therefore REVERSED and REMANDED for further proceedings.

DATED this 17th day of February, 2015.

/s/ Michael J. McShane
Michael McShane
United States District Judge